The People of the State of New York, Appellant, v. Henry C. Fish, Respondent.

*Game Law — protection of fish in Richmond county — the board of supervisors cannot impose a further restriction or override an act of the Legislature.*

By section 272 of chapter 488 of the Laws of 1892 (known as the Game Law) all existing laws and ordinances of boards of supervisors for the protection and preservation of fish, game, etc., with one exception, were repealed.

Section 273 of said act empowers boards of supervisors to pass such laws and ordinances as shall afford additional protection to and further restrictions for the protection of game.

It is further provided by section 138 of said act that "no device except angling shall be placed, drawn or used for the capture of any fish except menhaden in the waters of Raritan bay, nor in any waters adjacent thereto in Richmond county."

The board of supervisors of Richmond county afterwards passed, filed and published a law prohibiting the fishing for or catching of menhaden by nets in any of the waters within said county, and making the violation thereof a misdemeanor, and subjecting the violator to a penalty of $100, to be recovered in a civil action brought in the name of the State.

In an action brought to recover the penalty provided for by the law passed by the board of supervisors, the complaint alleged generally that the defendant caught menhaden with nets "in the waters within the jurisdiction of the county of Richmond."

Upon appeal from a judgment sustaining a demurrer interposed to the complaint,

*Held*, that the Legislature having specially legislated upon the subject, the board of supervisors could not override such legislation;

That the conclusion to be drawn from the complaint was that it was intended to embrace all of the said waters within the scope of the supervisors' law, and that defendant was to be liable upon proof that he so caught menhaden in the particular waters mentioned in section 138 of chapter 488 of the Laws of 1892;

That the demurrer should be sustained.

Appeal by the plaintiff, The People of the State of New York, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Richmond on the 5th day of March, 1895, upon the decision of the court rendered after a trial at the Richmond Special Term sustaining the demurrer of the defendant to the complaint, with notice of an intention to bring up for review upon such appeal an order made at the Kings County Special Term, and entered in the office of the clerk of the county of Richmond on the 19th day of February, 1895, sustaining the demurrer and directing the entry of judgment thereon.

*Edward G. Whitaker*, for the appellant.

*Kurzman & Frankenheimer*, for the respondent.

DYKMAN, J. :

This is an appeal from a judgment entered upon the decision sustaining a demurrer to the complaint of the plaintiff. The action is brought to recover from the defendant a penalty of $100, for having caught menhaden by means of a net in the waters within the jurisdiction of the county of Richmond, in the State of New York, on the 25th day of July, 1894, contrary to the ordinance passed by the supervisors of Richmond county, and contrary to and in violation of chapter 488 of the Laws of 1892. The complaint sets forth an ordinance adopted by the board of supervisors of the county of Richmond at their annual session in 1892, by which it is provided that menhaden shall not be fished for, caught or captured in any of the waters within the jurisdiction of the county of Richmond, by means of nets of any kind, and imposed the penalty of $100 for each offense. It is also alleged that the defendant, in violation of the ordinance, and contrary to and in violation of chapter 488 of the Laws of 1892, fished for, caught and captured by means of nets, menhaden in the waters within the jurisdiction of the county of Richmond and State of New York, and that by reason of such violation of the statute, the defendant is indebted to the plaintiff in the sum of $100, being the amount of the penalty prescribed by said act or ordinance of the board of supervisors, and the statute cited.

By chapter 686 of the Laws of 1892, familiarly known as the County Law, power is conferred upon boards of supervisors to provide for the protection and preservation, subject to the laws of the State, of wild animals, birds, game and fish and shellfish within the county, and prescribe and enforce the collection of penalties for the violation thereof. Chapter 488 of the Laws of 1892, section 138, provides that "no device except angling shall be placed, drawn or used for the capture of any fish excepting menhaden in the waters of Raritan bay, nor in any waters adjacent thereto in Richmond county."

That section was amended by section 11 of chapter 627 of the Laws of 1894, by adding at the end thereof the following words,.

and re-enacting the section as originally adopted, by the following addition thereto : "Except that shad may be taken by shad nets between the fifteenth day of March and the fifteenth day of June, but said nets shall not be allowed to remain in said waters from Saturday at sunset to the following Monday at sunrise."

Upon the decision of the demurrer the judge at Special Term made a thorough examination of the case and wrote an opinion in which we concur and with which we are entirely satisfied, and we think the judgment should be affirmed, with costs, on the opinion of the judge who decided the demurrer.

BROWN, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs, on opinion of the Special Term.

The opinion of the Special Term was as follows :
GAYNOR, J.:

I think the complaint does not state a cause of action. By section 272 of the Game Law, which was passed May 5, 1892, all existing laws and ordinances of boards of supervisors for the protection and preservation of fish, game, etc. (with one exception, which need not be specified), were repealed. The next section (273) empowered boards of supervisors to pass "such laws and ordinances as shall afford additional protection to and further restrictions for the protection of birds, fish, shellfish and wild animals, except wild deer, and to prohibit the taking and killing of the same;" provides for the filing thereof in the office of the county clerk and Secretary of State, the publication thereof, and also that they shall in every case be printed in the volume of the Session Laws for the current year. Section 138 of the same law is a special enactment that "no device except angling shall be placed, drawn or used for the capture of any fish, except menhaden, in the waters of Raritan bay, nor in any waters adjacent thereto in Richmond county." The particular thing to be noted is the exception of menhaden. This section was amended in 1894 (Chap. 627, § 11) by the addition thereto of an exception that shad might be taken by nets during a period of several months in the year. It is provided in the County Law (Chap. 686 of the Laws of 1892), which was passed twelve days after the Game

Law, that boards of supervisors may " provide for the protection and preservation, subject to the laws of the State, of wild animals, birds and game, and fish and shellfish, within the county, and prescribe and enforce the collection of penalties for the violation thereof " (§ 12, subd. 8). The board of supervisors of Richmond county afterwards passed, filed and published the law set out in the complaint, prohibiting the fishing for or catching of menhaden by nets, in any of the waters within the said county, and making the violation thereof a misdemeanor, and also subjecting the violator to a penalty of $100, to be recovered in a civil action in the name of the State; and it is printed in the Session Laws of 1893. The present action is to recover a penalty thereunder. By the aforesaid provision of the Game Law, boards of supervisors are empowered to enact laws making " additional restrictions " for the protection of game and fish, and prohibiting the taking and killing of the same; that is to say, additional to those adopted by the State Legislature. The similar provision in the County Law (already cited) also empowers them to do the like, " subject to the laws of the State ; " but this express restriction adds nothing, for it would exist without being expressed ; for such local boards get their power to legislate from the State Legislature, and such conferred power is subordinate to the power of the Legislature, for the Legislature may revoke it, or limit it, or override it at will. It follows that if the State Legislature legislate upon a local subject, the board of supervisors may not override such legislation ; for otherwise the two bodies could alternately override each other indefinitely upon a given subject. The provisions of State law in question must, therefore, be interpreted as only conferring power on boards of supervisors to enact laws containing restrictions and prohibitions additional to such as are contained in general State laws, or in special or local State laws which it may be seen are not intended to and do not cover the whole subject, or take it exclusively unto themselves; and not laws conflicting with or overriding State legislation on the same subject. It seems to me that the Legislature has by section 138 of the Game Law, taken the subject unto itself in this instance. It prohibits the taking of fish in Raritan bay and the waters adjacent thereto in Richmond county by nets, but expressly excepts menhaden. As the complaint alleges generally that the defendant caught menhaden with nets " in

the waters within the jurisdiction of the county of Richmond" which is the language of the supervisors' law, I must conclude that its meaning is to embrace all of the waters within the scope of the supervisors' law, and that defendant is to be liable herein upon proof that he so caught menhaden in the particular waters mentioned in section 138 of the Game Law (if the said section does not like the supervisors' law embrace all waters within the jurisdiction of Richmond county). If this is not the intended scope of the complaint, it should have designated the particular locality of the alleged violation, so as to show in fact a violation of the supervisors' law, and thus allege a cause of action, and not a legal conclusion. In 1894, the Legislature so amended the said section 138 as to also except shad during a part of each year. May the board of supervisors, nevertheless, altogether prohibit the taking of shad by nets? The case as to menhaden is not different. Shad is excepted part of the year; menhaden the whole year. If the Legislature were also to except shad the whole year, the board of supervisors would not thereby be enabled to prohibit the taking of shad by nets; and that is now the case in respect of menhaden.

The demurrer is sustained.